# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUZANNE R. WHITE, as sole beneficiary under ATG Trust Company, Trust Number 10243,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MERCADO, ANNE C. LINN, STEVE DREW, JOHN WASHINGTON, MARY ELLEN VANDERVENTER, MICHELE WELAND, ROBERT J. MASINI, SHARON BARNES, ROBERT SKIDMORE, WILLARD R. HELANDER, T.J. PROPERTIES, INC.,<br><br>Defendants. | Case No. 10-cv-8036<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

Plaintiff Suzanne R. White ("Plaintiff") filed this *pro se* action alleging various constitutional violations arising out of citations she received regarding her property at 226 West Street, in Waukegan, Illinois. Plaintiff named as defendants several City of Waukegan employees ("Waukegan Defendants"), Lake County officials ("Lake County Defendants") and T. J. Properties, Inc. (T. J. Properties). The Waukegan Defendants, the Lake County Defendants, and Defendant T. J. Properties (collectively "Defendants") have independently moved for dismissal of this action for failure to state a claim. For the reasons that follow, the Court grants each motion.

**BACKGROUND**

Plaintiff is the beneficiary of a land trust which holds title to the property at 226 N. West Street ("subject property") in the city of Waukegan located in Lake County, Illinois. (Compl. ¶ 13.) In July 2002, Plaintiff had an altercation of an unknown nature with Defendant Robert Mercardo ("Mercado") in the alley behind the subject property. (*Id.* ¶ 14.) Mercado is employed by the City of Waukegan as a code inspector. (*Id.* at ¶ 2.) On Tuesday, September 3, 2002, following the rainy Labor Day weekend, a Waukegan city employee left a notice on Plaintiff's front door stating Plaintiff was in violation of the Weeds Ordinance, which prohibits weeds or grass in excess of 10 inches. (*Id.* at ¶ 16.) Plaintiff did not cut her grass in response to the notice. (*Id.* at ¶ 19.) A second weeds violation notice was placed on Plaintiff's door on September 5, 2002. (*Id.* at ¶ 21.) More than a week later, on September 13, 2002, Plaintiff returned to the subject property and discovered that her lawn had been cut. (*Id.* at ¶ 22.)

On February 15, 2010, nearly seven and one half years later, Plaintiff received a tax sale notice informing her that the subject property had been sold to Defendant T. J. Properties for delinquent taxes on December 8, 2009. (*Id.* at ¶ 23.) The notice indicated that the subject property could be redeemed before December 8, 2011. (*Id.*) Defendant Willard R. Helander ("Helander") was listed on the notice as the Lake County Clerk.

On the advice of Plaintiff's then counsel, Plaintiff went to the Lake County Courthouse that day to inquire about the tax sale notice. (*Id.* at ¶ 24.) Plaintiff spoke with the Lake County Treasurer, Defendant Robert Skidmore ("Skidmore"), who provided Plaintiff with further documentation concerning the tax sale. (*Id.* at ¶ 25.) Plaintiff learned that Waukegan City Collector, Defendant Sharon Barnes ("Barnes"), published a list of collectible liens in the News

Sun on November 12, 2009 and submitted a certified list of collectible amounts to Defendant Skidmore. (*Id.* at ¶¶ 26-27.) Defendant Robert Masini ("Masini"), a former City of Waukegan Attorney notarized the list. (*Id.* at ¶ 27.) Plaintiff was also provided with a copy of Section 9-2-4.5 of the Illinois Municipal Code ("the Special Assessment Statute"), 65 ILCS 5, which authorized the tax sale on the subject property. (*Id.* at ¶ 29.)

Plaintiff met with Defendant Helander and obtained an estimate of redemption, which indicated that a total of $497.94 was necessary to redeem the property. (*Id.* at ¶ 30.) A handwritten notation on the estimate indicated that the original assessment was for $303.81 and listed the name and telephone number for Defendant Michele Weland ("Weland"), a City of Waukegan employee. (*Id.*) Plaintiff also obtained a copy of the lien that was placed on her property from the office of Defendant Mary Ellen Vanderventer ("Vanderventer"), the Lake County Recorder of Deeds. (*Id.* at ¶ 31.) The lien for "Weed Cutting & Debris Removal" was recorded on November 14, 2002 and signed by Defendant John Washington ("Washington"), a City of Waukegan Code Enforcement Supervisor. (*Id.*) Plaintiff observed a poster on the bulletin board in the Lake County Recorder's Office identifying Defendant Ann Linn Conzelman ("Linn"), a City of Waukegan Attorney, as the person to contact for questions concerning sold weed and water liens. (*Id.* at ¶ 32.)

Ten days later Plaintiff met with Defendant Masini in his office. (*Id.* at ¶ 35.) Masini stated he initiated the collection of the lien on the subject property through a tax sale. (*Id.*) Masini provided Plaintiff with a copy of the letter Defendant Barnes (the city collector) sent to Plaintiff on September 1, 2006 informing Plaintiff of Waukegan's intention to include the lien on the subject property in a tax sale. (*Id.*) For reasons unknown, Waukegan did not include the lien in a tax sale until 2009. (*Id.* at ¶¶ 35-36.) In a later meeting with Defendant Barnes, Plaintiff

asked for a copy of the bill that prompted the lien.  (*Id.* at ¶ 37.)  Barnes referred Plaintiff to Defendant Weland, a City of Waukegan Adjudication Administrator.  (*Id.* at ¶¶ 7, 37.)

Plaintiff submitted a Freedom of Information Act ("FOIA") request for records relating to the lien and subsequent tax sale on her property.  (*Id.* at ¶ 40.)  In response, Plaintiff received six documents written by Defendant Mercado as follows:

1. A September 9, 2002 report stating "need file for 226 West St….Will cite for not cutting grass after 2 placards were placed."
2. A September 10, 2002 report stating "Weeds were still not cut so citation was posted on to entrance of property."
3. A September 12, 2002 report stating "[W]ill issue work order grass as high and above than 10 [sic]."
4. A September 17, 2002 report stating "[W]ork order was requested for completion."
5. An October 1, 2002 report stating "has been done from previous work order on 9-17-02."
6. A separate October 1, 2002 report stating "A work order was issued and must also pay for having it cut by city expence [sic]."  (*Id.* at ¶¶ 41-46.)

Plaintiff received these documents on November 5, 2010.  (*Id.*)

On November 12, 2010, Plaintiff filed a complaint in the Circuit Court of Lake County, Illinois against every person she either spoke with or whose name was listed on documents relating the weed violations, the lien, and the tax sale on the subject property.  (*Id*. at p. 1.)  Plaintiff additionally named Steve Drew, the Director of Public Works for the City of Waukegan as a Defendant.  (*Id.*)  The Complaint alleges, *inter alia*, that the Special Assessment Statute

violates Plaintiff's rights under First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the U. S. Constitution. (*Id.* at ¶¶ 56-61.) As relief, Plaintiff seeks to have the Special Assessment Statute, which allows a municipality to place liens on real estate for the costs associated with the cutting of grass and weeds and the removal of debris, declared unconstitutional. (*Id*. at ¶ 69.) In the alternative, Plaintiff seeks to find Defendants liable for negligence and also seeks injunctive relief ordering Defendants to purchase the subject property and other real estate holdings of Plaintiff in the City of Waukegan. (*Id.*) Defendants filed a notice of removal and the case was transferred to this Court on December 17, 2010. (Dkt. No. 1.) Defendant T. J. Properties, the Lake County Defendants, and the Waukegan Defendants timely filed their separate motions to dismiss. (Dkt. Nos. 16, 19, and 25.)

## **LEGAL STANDARD**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Christensen v. County* of Boone, 483 F.3d 454, 458 (7th Cir. 2007). When evaluating the sufficiency of a complaint, a district court must construe the complaint in the light most favorable to the nonmoving party. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Although a court construes *pro se* filings liberally, it must do so while keeping in mind the purpose of the federal pleading system is to provide fair notice of the plaintiff's claim and the grounds upon which it rests. *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006.) The complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *Wilson v. Price*, 624 F.3d 389, 391-92 (7th Cir. 2009). If they do not, the plaintiff pleads itself out of court. *Id.* at 392. For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## **DISCUSSION**

Defendants allege the complaint fails to allege any cognizable claim against them. The essence of Plaintiff's complaint appears to be that she suffered harm due to the Defendants' "blind obedience" to the Special Assessment Statute, which she alleges is unconstitutional. (Compl. ¶ 54.) A statute is presumptively valid and state officials are required to carry out their duties accordingly. *See, e.g., Denberg v. United States R. Retirement Bd.*, 696 F.2d 1193, 1201 (7th Cir. 1983). Reading the complaint in the light most favorable to Plaintiff, the Court is only able to discern that the certain Waukegan Defendants carried out their official duties in issuing the weeds citation, placing a lien on the subject property, publishing a notice of the lien, and later selling the lien at a tax sale. Certain Lake County Defendants recorded the lien, conducted the tax sale, and notified Plaintiff of the sale. The complaint does not explain how these acts were wrongful or why Plaintiff is entitled to any relief as a result.

Even when liberally construing the complaint in this action, Plaintiff has failed to present facts which suggest a plausible claim. The complaint is bereft of any facts which explain how the Special Assessment Statute is unconstitutional. The complaint merely sets forth the language of the statute and presents legal jargon including references to various constitutional rights and amendments. (*Id.* at ¶¶ 29, 56-64.) The confusing presentation includes references to the "Rules of Criminal Procedure" and the "Rules of Petty Procedure" which have no relevance to the matter at hand. (*Id.* at ¶¶ 49-50.) Many of the allegations are of the form "The Statute lacks adequate protection of Plaintiff's rights under the [X] Amendment" without providing any

factual support to serve as a basis for the claim. (*Id.* at ¶¶ 58-61.) These allegations defy understanding and are woefully insufficient to state a plausible claim that the Special Assessment Statute is unconstitutional.

Moreover, Plaintiff makes no attempt to distinguish among the Defendants and fails to allege any facts to explain the specific negligent acts of each defendant. Plaintiff seeks a finding that Defendants were negligent but fails to allege any specific conduct to serve as a basis for such a finding. Instead, Plaintiff alleges all Defendants are liable for "blind obedience" with the Special Assessment Statute. Plaintiff merely alleged she had conversations with or received documents written by certain Defendants but fails to plausibly connect these events to any negligent or wrongful conduct. The allegations here are insufficient to provide Defendants with notice of any plausible claim against them or the basis upon which any claim may rest.

## CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss by the Waukegan Defendants, the Lake County Defendants, and Defendant T. J. Properties. The claims against all Defendants are hereby dismissed without prejudice.

IT IS SO ORDERED.

April 8, 2011
Dated

Honorable Sharon Johnson Coleman
United States District Court